## ELI *et al.* v. GRIDLEY.

1. **Homestead: CONVEYANCE OF: HUSBAND AND WIFE.** A conveyance of the homestead by the husband, for which he receives the consideration, in which the wife does not join, or to which her name is signed by a third party without authority, is void, and will be set aside at the suit of the wife in which the husband is joined as a co-plaintiff.

2. —— The rights of the wife, and those of the family, in the homestead, cannot be prejudiced or affected by the fraudulent acts or bad faith of the husband in the sale and conveyance thereof.

3. **Notice: ARISING FROM POSSESSION.** A purchaser of real estate in the possession of another is chargeable with notice of the equities of the latter.

*Appeal from Wayne District Court.*

FRIDAY, JUNE 25.

ACTION in Chancery to set aside a deed. Elizabeth J. Eli instituted the suit; her husband was afterward joined by an amended petition as co-plaintiff. The petition alleges, that the husband executed to one Lyons a deed for certain lands occupied by plaintiffs as their homestead; that plaintiff Elizabeth did not, in fact, join in the deed, but that said Lyons, without her authority or knowledge and consent, signed her name thereto. The

deed appears to have affixed a proper certificate of acknowledgment as to said Elizabeth, but she avers that she did not acknowledge it. The land conveyed is 120 acres, the husband owning the undivided one-half thereof, his brother owning the other half; both unite in the deed, and no objection is raised, to the effect that the deed is not good against the brother. Lyons conveyed the land to defendant, who, pending this suit, recovered the possession of the land by an action before a justice of the peace. The petition asks that the deed be annulled, and by an amendment, that plaintiffs be restored to the possession of the land. Upon a trial in the District Court, a decree was rendered granting the relief asked. Defendant appeals.

*Withrow & Wright* for the appellant.

*Polk, Hubbell & Barcroft* for the appellees.

BECK, J.—I. The evidence quite satisfactorily establishes the facts that plaintiff, Elizabeth, did not sign nor

1. HOMESTEAD: conveyance of: husband and wife.

acknowledge the deed, nor authorize its execution, and in no way consented thereto. It also clearly appears that the land described in the deed was occupied by plaintiffs as a homestead. But it is insisted that if more than forty acres are claimed as a homestead, the burden rests upon plaintiffs to show that their undivided interest therein does not exceed $500 in value. We are well satisfied by the evidence that the value of plaintiffs' interest in the whole tract did not exceed $500.

II. It is objected that defendant had no notice of fraud in the deed. Plaintiffs were in the possession of the

2. NOTICE: arising from possession.

land when Lyons conveyed it to him, and he is therefore chargeable with notice of plaintiffs' equities and rights.

III. It is claimed that because the husband acted in bad faith in the sale of the land, he cannot be permitted to deny plaintiffs' title thereto. If the husband's rights only were involved there might be force in this position. But the wife's rights and those of her family are in question, and they cannot be affected or prejudiced by the fraudulent acts of her husband.

IV. This action was not commenced until the expiration of nearly a year from the date of the deed. It is claimed that by this delay the plaintiffs acquiesced in the title of defendant. We do not think the objection is at all tenable. The wife seems to have resisted defendant's claim as soon as he attempted to enforce it, and commenced this suit before he had recovered possession by a proceeding at law.

V. It is insisted that plaintiffs are estopped by their acceptance of the consideration of the sale. The wife received no part of the consideration. The argument might be sound against the husband, were he the only one concerned, but, as we have seen, the wife's rights are involved, and cannot be affected by the husband's frauds.

The decree annuls the deed, without any reservation as to the interest of the brother, G. W. W. Eli, conveyed therein. The deed is good as to him, and he does not ask to have it set aside. The decree in this respect is therefore erroneous, and must be modified accordingly. As to the plaintiffs, John A. and Elizabeth J. Eli, the deed is of no validity (Rev. § 2279), and, as to them, the decree will be permitted to stand. A decree in accordance with this opinion will be entered in the District Court, the cause being remanded for that purpose.

Modified and Affirmed.